**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FARES AWAD** | **CASE NO. 1:26-CV-00794 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KEITH DEVILLE ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the Court is a Report and Recommendation [Doc. No. 9] recommending that Petitioner Fares Awad's ("Petitioner") Petition for Writ of Habeas Corpus [Doc. No. 1] be granted.

According to the sworn declaration of an acting supervisory detention and detention officer, Petitioner departed the United States on September 9, 2026.[1]

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Petitioner is no longer in custody, so the § 2241 claim is moot. *See Dien Thanh Ngo v. Johnson*, No. 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 31, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction.

[1] [Doc. No. 10-1].

*Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Bd. of Pub. Instruction*, 499 F.2d 359, 363–64 (5th Cir. 1974)).

For the reasons set forth herein, the Court **DECLINES** to adopt the Report and Recommendation [Doc. No. 9].

**IT IS ORDERED, ADJUDGED, AND DECREED** that Petitioner Fares Awad's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

MONROE, LOUISIANA, this 23rd day of November, 2026.

Terry A. Doughty
United States District Judge